**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| THOMAS WHITE, | ) | |
| | ) | |
| Plaintiff, | ) | No. 13 C 1617 |
| | ) | |
| v. | ) | Judge Kocoras |
| | ) | |
| ELECTROLUX NORTH AMERICA, INC., | ) | Magistrate Judge Cole |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff, Thomas White, asks for leave to depose Kevin Hecksher. The defendant, Electrolux, contends that Mr. Hecksher is a non-testifying consultant and therefore beyond the clutches of discovery under Fed.R.Civ.P. 26(b)(4)(D), which provides that:

> Ordinarily, a party may not, by interrogatories or deposition, discover facts known or opinions held by an expert who has been retained or specially employed by another party in anticipation of litigation or to prepare for trial and who is not expected to be called as a witness at trial. But a party may do so only:
>
> (I) as provided in Rule 35(b); or
>
> (ii) on showing exceptional circumstances under which it is impracticable for the party to obtain facts or opinions on the same subject by other means.

Fed.R.Civ.P. 26(b)(4)(D).[1] But Mr. White argues that Electrolux waived the rule's protection by

---

[1] Electrolux also argues, rather off-handedly in a single sentence, that the report is covered by the parties' Fed.R.Evid. 502(d) protective order. (Dkt. #44, at ¶9). But that order covered only "documents . . . disclosed, exchanged, produced, or discussed – whether intentionally or inadvertently – among the parties, their counsel or their agents (such as venders and experts) in the course of this litigation." (Dkt. #22, ¶2). Since the report at issue was produced before litigation ensued, it is not covered.

providing him with Mr. Hecksher's report.

Mr. White filed this personal injury suit against Electrolux, seeking damages for injuries he suffered following a fire allegedly caused by a clothes dryer that Electrolux designed, manufactured, and distributed. According to Mr. White, after putting the fire out, he slipped and fell on some water and suffered a fractured wrist in the fall. He presented Electrolux with an out-of-court claim for his injury, and the company requested that it be allowed to perform an onsite inspection of the offending dryer. Mr. White and his attorney agreed, provided Electrolux shared the inspection findings and report with them. Electrolux agreed and sent Kevin Hecksher, a fire safety consultant Electrolux retained from Kodiak Fire Safety Consulting, to inspect the dryer. Thereafter, pursuant to their agreement, Electrolux provided Mr. White's attorney with a copy of the report, photos, and documents Mr. Hecksher's produced as a result of his inspection.

The parties were unable to resolve this matter on their own, and Mr. White filed suit in March 2013. Mr. White served his Fed.R.Civ.P. 26(a)(1) disclosures on October 6, 2013, notifying Electrolux that Mr. Hecksher was a potential witness and that Mr. White may use his report to support his case. (Dkt. # 41-4). He did the same in his answers to Electrolux's interrogatories thereafter. (Dkt. # 41-5, 41-6). And he produced the report in response to Electrolux's requests for production. (Dkt. # 41-6). Through it all, there was nary a peep from Electrolux about Mr. Hecksher's report.

On November 25, 2013, Electrolux served a "claw back" request on Mr. White's attorney. The request listed 16 documents, none of which were Mr. Hecksher's report. (Dkt. #41-7, at 3). Despite having been alerted to Mr. Hecksher's report on more than one occasion, Electrolux never objected or asserted a claim of privilege until Mr. White served a notice for deposition of Mr.

Hecksher on January 29, 2014. It is not surprising that Mr. White now argues that Electrolux's lengthy silence constitutes a waiver.

But the threshold issue is whether Electrolux retained Mr. Hecksher and commissioned his inspection in anticipation of litigation. Fed.R.Civ.P. 26(b)(4)(D); *Appleton Papers, Inc. v. E.P.A.*, 702 F.3d 1018, 1024 (7th Cir. 2012). Electrolux has the burden of establishing that this was the case. *Binks Mfg. Co. v. National Presto Industries, Inc.*, 709 F.2d 1109, 1120 (7th Cir. 1983). There may have been a prospect of litigation, as well as an articulable claim, *id.* at 1118-20, but the circumstances do not show that Mr. Hecksher was employed with that prospect in mind. The parties were hoping to avoid litigation. To that end, they agreed that Electrolux could inspect the dryer if it shared the results with Mr. White and his attorney.

The fact that Electrolux agreed to share Mr. Hecksher's report – this was intentional and clearly not inadvertent – is conspicuously inconsistent with any claim that the report was protected. The whole idea behind the protection of trial preparation materials is to create "a protected area in which the lawyer can prepare his case free from adversarial scrutiny." *Hickman v. Taylor,* 329 U.S. 495, 511 (1947). Agreeing to share an inspection report with the other side and in the hope there will be no litigation is the antithesis of maintaining such protections. Because Mr. Hecksher and his report fall outside the scope of Fed.R.Civ.P. 26(b)(4)(D), Mr White may depose him.

Although unnecessary given the fact that Electrolux has failed to show that the rule applies, it is worthwhile to briefly address the issue of waiver. Relying on 1995 case from the Eastern District of Pennsylvania, Electrolux argues that the protections afforded non-testifying experts can never be waived. Indeed, in *Vanguard Sav. and Loan Ass'n, VSL Service Corp. v. Banks*, 1995 WL 71293 (E.D.Pa. 1995), the court determined that the rule protecting non-testifying experts from

3

discovery stems from the "fairness doctrine" rather than the work product doctrine and held that it was:

> clear that Rule 26(b)(4)(B) is unrelated to the work product privilege. The Rule protects discovery of information held by non-testifying experts for reasons entirely independent of the work product doctrine. Therefore, defendants' claim that plaintiff waived its work product privilege is wholly irrelevant and totally unpersuasive.

1995 WL 71293, 2. The other cases Electrolux cites, *Ludwig v. Pilkington North America, Inc.*, 2003 WL 22242224, 3 (N.D.Ill. 2003) and *U.S. Inspection Services, Inc. v. NL Engineered Solutions, LLC*, 268 F.R.D. 614, 625 (N.D.Cal. 2010), simply follow *Vanguard* without discussion.

This is all well and good, but the Seventh Circuit – the authority that must be followed here – has held to that:

> Rule 26(b)(4)(D), which prohibits parties from discovering the research of a nontestifying expert. . . *is simply an application of the work product rule*. The consultant's work will, by definition, be work product because the party uses the consultant "in anticipation of litigation." *See* Fed.R.Civ.P. 26(b)(4)(D).

*Appleton Papers*, 702 F.3d at 1024 (emphasis supplied). And so, the concept of waiver is applicable to Rule 26(b)(4)(D) protection. Id. at 1024-26 (discussing waiver of consultant's report). *Compare*, *Burden-Meeks v. Welch,* 319 F.3d 897, 901 (7th Cir.2003)("When IRMA showed the Mayor a copy of the report, it waived any privilege it possesses-which makes it unnecessary to decide whether a 'self-critical analysis privilege' exists or (if it does) covers criticism of an organization's members. Many decisions caution against the creation of new privileges, even for what appear to be good reasons, ...but even the most powerful reasons for a novel privilege would not carry the day once the document had been disclosed voluntarily.").[2]

---

[2] Since work product can be waived, *United States v.Nobles*,422 U.S. 225, 239-240 (1975), it follows that so too can that which is but a component of it. And since bars to disclosure like the work-product doctrine interfere with the public's right to obtain evidence, they are to be strictly construed, *e.g., Trammel*
(continued...)

Moreover, even if the rule were an application of the "fairness doctrine" rather than the work product rule, it is unclear how that would preclude waiver in the context of this case. How is it "fair" to permit a manufacturer of a product that may have harmed another to make the kind of deal that was made in this case and then later pursue a course that ignores the agreement? More importantly, the concept of waiver is not confined to the work product doctrine and is not more stringently applied in that context than in any other.

All species of evidentiary objections and legal arguments of all kinds can be waived. So too can the attorney-client privilege and work product doctrine. The list goes on and on, and is broad enough even to include basic Constitutional rights. Indeed, the concept of fairness is the genesis of the concept of waiver. It would be odd, to say the least, if in the entire pantheon of rights, the only one that could not be waived was the narrow one at issue in this case. Judge Bauer put it well forty years ago:

> when a party's conduct reaches a certain point of disclosure fairness requires that the privilege should cease whether the party intended that result or not. A party cannot be allowed, after disclosing as much as he pleases, to withhold the remainder. He may elect to withhold or to disclose, but after a certain point his election must remain final.

*Sylgab Steel & Wire Corp. v. Imoco-Gateway Corp.*, 62 F.R.D. 454, 457-58 (N.D.Ill. 1974).

In the end, Mr. White is entitled to his sought-after deposition of Mr. Hecksher because Electrolux has not shown that Rule 26(b)(4)(D) applies to Mr. Hecksher and his inspection report.

---

²(...continued)
*v. United States,* 445 U.S. 40, 50 (1980); *In re Grand Jury Subpoenas,* 318 F.3d at 384, and "confined within the narrowest possible limits underlying [their] purpose." *United States v. Goldberger & Dubin, P.C.,* 935 F.2d 501, 504 (2d Cir.1991).

For the same reason, Mr. Hecksher is not a part of expert discovery, and Mr. White need not depose him under the expert discovery schedule.

## CONCLUSION

For the foregoing reason, the plaintiff's motion for leave to depose Kevin Hecksher [Dkt. # 31, 41] is GRANTED.

**ENTERED:** _/s/ Jeffrey Cole_
**UNITED STATES MAGISTRATE JUDGE**

**DATE:** 4/7/14